UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION


ANIRE OKUPAKU,                                    CASE NO.  06-61392-CIV-COHN

       Plaintiff,

 -v-

AMERICAN AIRLINES, INC

_____/

### PLAINTIFF'S MOTION TO PROHIBIT THE TESTIMONY OF MR. PETER GAMPEL AND MEMORANDUM OF LAW

      COMES NOW the Plaintiff by and through his undersigned counsel,  and files hereby this his Motion to Prohibit the Testimony of Mr. Peter Gampel, and Memorandum of Law, and as grounds therefor would further state as follows:

### MEMORANDUM OF LAW

      By and through the instant Motion, the Plaintiff seeks to have an Order entered which prohibits Mr. Gampel from testifying in this matter.

      Mr. Gampel admits in his Rule 26 report and in his deposition that he was retained only to rebut  Dr. Raffa's opinions.  As will be established below, Mr. Gampel was specifically and exclusively retained to provide a critique of Dr. Raffa's economic

analysis with no independent analysis of his own of Dr. Okupaku's lost earnings.

Attached hereto as Exhibit "1" is the pertinent portion of the Preliminary Expert Report and Disclosure of Peter Gampel submitted October 10, 2007. The introduction, sub-part A, "Assignment" sets forth the scope of Mr. Gampel's assignment:

> Specifically I was asked to provide analysis and expert opinion as it relates to the preliminary expert report by Frederick A. Raffa ("Raffa") of Raffa Consulting Economics, Inc., dated September 24, 2007 setting forth his opinion as to Okpaku's loss of past and future earnings capacity related to this case ("Raffa preliminary report").

Plaintiff would also note that Mr. Gampel is an accountant, not an economist. Further, his report states that the "analysis discussed herein is based upon an <u>accounting</u> perspective in my experience in the area of litigation support." (Gampel report, Page 3). The report of Mr. Gampel then reviews Dr. Raffa's expert report from an accounting perspective concerning criticisms. Inescapable is the fact that Mr. Gampel himself has no separate or independent opinion. In fact, in the conclusion of Mr. Gampel's report he states "Consequently, the potential loss of earnings to Okupaku would range from zero to a far more limited or nominal amount pursuant to my analysis included in this report", yet no calculations or figures are provided. (Gampel report, page 16). It is inescapable that Gampel has no independent findings of the amount of loss (or lack thereof) of earnings to Dr. Okupaku as a result of the subject incident.

Mr. Gampel was deposed on October 30, 2007. During said deposition, Mr.

Gampel was quite candid about what he had been retained to do and what he had actually done.  Apart from criticizing Dr. Raffa's opinions, **Mr. Gampel has not prepared an independent report.  (Gampel depo., Page 5).**

Mr. Gampel from the start admits that his is a rebuttal report and that he has no independent report.

> **Question:** Okay, there is a difference between methodology and assumptions, correct, Sir?
>
> **Answer:** Yes.
>
> **Question:** And in this case, as I understand it, you are criticizing Dr. Raffa's assumptions, correct?
>
> **Answer:** What we have prepared is a rebuttal report with respect to the report that Dr. Raffa presented originally.
>
> **Question:** You have not prepared an independent report of your own gauging the economic losses to Dr. Okupaku have you?
>
> **Answer:** Not at this time I haven't no.
>
> **Question:** And you have not been asked to do so?
>
> **Answer:** Not at this point. (Gampel deposition Page 4, Line 21 – Page 5, Line 8).

Depo Pages 4 and 5 are attached hereto as Exhibit "2".

Mr. Gampel also admits that Dr. Raffa's "methodology may be appropriate under the circumstances.  (Gampel deposition Page 6).

Florida case law is illustrative of the fact that an expert cannot be retained to

3

simply criticize or critique another opposing party's expert's opinions.  As such, Mr. Gampel's position simply as a "rebuttal" expert with no independent opinions of his own is improper.   An expert is not permitted to critique the opinions of an opposing parties' expert unless the expert who is offering the critique has performed his own analysis.  Mr. Gampel has performed no such analysis; therefore, he should not be permitted to testify in this matter.

Mathis v. O'Reilly, 400 So. 2d 795 (Fla. 5th Dist. 1981), supports the proposition that an expert witness can not be asked to express an opinion as to the validity of an opposing expert's opinion, unless that expert had done his own calculations and the pertinent testimony was being offered to compare and contrast the methodology so as to establish why the conclusions vary.  Mathis would allow for Mr. Gampel to perform an evaluation of Dr. Raffa's calculations if he had performed his own economic analysis of Plaintiff's losses; however, as will be established below, Mr. Gampel did not attempt to quantify the economic losses sustained by Plaintiff.  For this reason, Dr. Gampel should not be permitted to testify.

Carlton v. Bielling, 146 So. 2d 915 (Fla. 1st Dist. 1962) is directly on point.  In Carlton, the defense asked it's accident reconstructionist to express opinions as to the validity of opinions expressed by Plaintiff's accident reconstructionist.  The testimony was permitted, despite Plaintiff's objections.   The First District Court overturned the jury award finding that the particular line of questioning was improper.  See also Carver v. Orange County, 444 So. 2d 452, 454 (Fla. 50 CA 1983).  (A trial Judge can restrict an

expert from commenting on the sufficiency or credibility of the opposing expert's evidence or testimony); <u>Scarlett v. Ouellette</u> 948 So. 2d 859 (Fla. 3d DCA 2007).

<u>Atlantic Coast Line Railroad Company v. Shouse,</u> 91 So. 90 (Florida 1922) sets forth the following principle:

> "…question(s) should not be phrased in such a way as to require or permit the witness to draw conclusions of fact from evidence in the case or to exercise his judgment as to weight which should be given to the testimony of other witnesses. this holding is in conformity with the generally accepted rule which operate to exclude testimony of experts given in answer to hypothetical questions which incorporate opinions, inferences and conclusions of others, as where the question is asked directly on those opinions, inferences, and conclusions."

As can be seen from the above, Mr. Gampel should not be permitted to testify as he really has no independent opinions concerning Plaintiff's losses or the reasons therefore. Of even greater significance, is that Mr. Gampel does not even have concrete opinions concerning what effect his critique would have on the ultimate damages which Dr. Raffa calculated. For these reasons, Plaintiff would ask that an Order be entered prohibiting Mr. Gampel from testifying in this matter.

WHEREFORE, based on the above cited facts and case law, Plaintiff would ask this Honorable Court to enter an Order prohibiting Mr. Gampel from testifying in this matter.

### **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned counsel certifies that he has conferred with counsel for the

Defendant in a good faith effort to resolve the issues raised in this Motion, and has been unable to do so.

**WE HEREBY CERTIFY** that on this   31st   day of October, 2007, we electronically filed the foregoing document with the Clerk of the Court . We also certify that the foregoing is this day being forwarded via transmission of Notices of Electronic Filing to Gregory M. Palmer, Esq., and Shannon Campbell Fitzpatrick, Esq., Rumberber, Kirk & Caldwell, Brickell Bayview Centre, Suite 3000, 80 S.W. 8th Street, P.O. Box 01-9041, Miami, Florida 33101.

    KRUPNICK, CAMPBELL, MALONE,
    BUSER, SLAMA & HANCOCK, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY:_____
    JOSEPH J. SLAMA, ESQ.
    Florida Bar No. 476171