UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANIRE OKUPAKU,                                          CASE NO: 06-61392-CIV-COHN

    Plaintiff,
v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

### DEFENDANT AMERICAN AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DEFENDANT'S REBUTTAL EXPERT, MR. PETER GAMPEL

Defendant, American Airlines, Inc., by and through undersigned counsel, submits its Response to Plaintiff's Motion in Limine to Preclude the Testimony of Defendant's Rebuttal Expert, Mr. Peter Gampel, and in support thereof, states:

**A.    Introduction**

Plaintiff seeks to preclude American Airlines' expert Forensic Accountant, Mr. Peter Gampel from testifying at trial as a rebuttal expert on behalf of Defendant. The sole basis for Plaintiff's motion is the argument that Mr. Gampel is solely a rebuttal witness[1] whose testimony is inadmissible under Florida law. This argument is inaccurate as Mr. Gampel's expert testimony is admissible pursuant to the applicable Federal Rules of Evidence.

**B.    Case Governed by Federal Rules of Evidence**

In his Motion, Plaintiff erroneously refers to Florida law for the proposition that an expert witness cannot be retained to critique an opposing party's expert's opinions. Federal courts exercising diversity jurisdiction apply state law to substantive issues and federal law to

---

[1] Plaintiff states without argument or citation to authority that Mr. Gampel is an accountant, not an economist. Plaintiff fails to state however why or how this justifies prohibiting Mr. Gampel from testifying.

procedural issues. The Federal Rules of Evidence governing expert testimony reflect a procedural judgment that juries are aided by hearing expert testimony, and that assistance enhances the accuracy of the entire process. *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) ("[r]ules of procedure encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state evidentiary laws, apply); *Stutzman v. CRST, Inc.*, 997 F. 2d 291, 295 (7th Cir. 1983). This judgment does not dictate the parties' substantive rights, but merely controls the method of enforcing those rights established by the state. *Stutzman*, 997 F.2d at 295. For this reason, federal courts have held it as axiomatic that the Federal Rules of Evidence govern the admissibility of expert testimony in federal diversity cases, rendering state law irrelevant. *Id.*; *McDowel*, 392 F.3d at 1294-95 ("admissibility of expert testimony is a matter of federal, rather than state procedure); *Scott v. Sears, Roebuck & Co.*, F.2d 1052, 1054 ("the admissibility of expert testimony in a federal court sitting in the diversity jurisdiction is controlled by federal law. State law, whatever it may be, is irrelevant"); *Dawsey v. Olin Corp.*, 782 F.2d 1254, 1262 (5th Cir. 1986) (questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence).

  **C.** **Federal Law Provides for Critique of Opposing Expert's Methodology Through Rebuttal**

The Federal Rules of Civil Procedure and federal case law interpreting same clearly provide for the critique of an opposing party's expert's methodology and assumptions through the testimony of a rebuttal expert. Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure defines rebuttal testimony as "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party". Rule 26(a)(2)(C), Fed. R. Civ. P. Federal courts have held that this allowed a party's rebuttal expert to challenge the methodology and assumptions used by an opposing party's expert. *KW Plastics v. United States Can Co.*, 199

CASE NO: 06-61392-CIV-COHN

F.R.D. 687 (M.D. Ala. 2000); *1st Source Bank v. First Resource Federal Credit Union*, 167 F.R.D. 61 (N.D. Ind. 1996).

In *KW Plastics*, the court addressed the issue of a rebuttal expert. At issue in *KW Plastics* was whether U.S. Can suffered damages arising from KW Plastics' possible violation of a non-compete agreement. *KW Plastics*, 199 F.R.D. at 691. Defendant intended to call a damages expert and plaintiff intended to call a rebuttal expert. *Id*. The rebuttal expert was going to challenge the methodology and assumptions used by defendant's damages expert. *Id*. The court held that the rebuttal expert's testimony was admissible to inform the jury of the criticism of the damages expert's report. *Id*.

In *1st Source*, defendant's rebuttal witness intended to testify that the methodology used by plaintiff to calculate damages was defective and unsupported by the record. *1st Source Bank*, 167 F.R.D. at 65. The court held that the rebuttal witness could criticize plaintiff's damages and calculations, <u>and could do so without offering alternatives</u>. *Id*. *See also Creative Waste Mgmt. Inc. v. Capitol Environmental Services, Inc.*, 495 F. Supp. 2d 353, 357 (S.D.N.Y. 2007) (holding admissible the testimony of rebuttal expert which merely criticized the report of opposing party's expert report).

In the instant case, Defendant retained Peter Gampel as a rebuttal expert to criticize the methodology used by Plaintiff's expert, Dr. Frederick Raffa, to determine Plaintiff's economic damages. Notably, when asked in his deposition whether he was simply disagreeing with Dr. Raffa's assumptions, Mr. Gampel responded "It would be the methodologies and assumptions. We are critiquing any and all aspects of his report that merited critique." See Deposition Transcript of Peter Gampel (hereinafter referred to as "Gampel Depo."), 5:13-15. A copy of the deposition transcript is attached hereto as Exhibit "A". Further, when asked whether he agreed

3

CASE NO: 06-61392-CIV-COHN

with Dr. Raffa's methodology, Mr. Gampel stated "[y]ou will never see the methodology that he employs in this analysis insofar as the starting point is concerned in any type of publication, . . . ." Gampel Depo., 8:1-5. The rest of Mr. Gampel's deposition consisted of a review of his critique of Dr. Raffa's methodology in determining Plaintiff's damages. This is all that is required according to federal law. Rule 26(a)(2)(C), Fed. R. Civ. P.; *KW Plastics*; *1st Source*; *Creative Waste*, *supra*. Therefore, Peter Gampel should not be precluded from testifying in rebuttal to the testimony of Plaintiff's expert economist, Dr. Raffa.

**D.     Plaintiff's State Case Law Supports Denial of Plaintiff's Motion**

Even though state law is irrelevant to the admissibility of expert testimony in a federal diversity case, if the case law were applicable, Plaintiff's cases would actually support Defendant's position. In *Mathis v. O'Reilly*, 400 So. 2d 795 (Fla. 5th DCA 1981) the court *reversed* the trial court's exclusion of plaintiff's expert's rebuttal testimony. In *Mathis*, Plaintiff on rebuttal recalled his expert witness and asked him how the defendant's expert witness' computations differed from the computations upon which his (plaintiff's witness) opinion was based. *Id*. at 796. The court found that the plaintiff's question was "couched to cause the plaintiff's expert to delineate the facts, factors, formulae and rationale used in the analysis leading to the defendant's witness' opinion and to do the same as to his own opinion and then to compare the predicates upon which the two opinions were based." *Id*. Indeed, the court's rationale follows closely with that of the federal courts cited above. The court continued:

> [W]e feel the real value of such a question and answer is in giving the jury a better insight into the bases supporting the two differing opinions so that the jury can better evaluate and weigh the testimony of the witnesses by understanding and comparing how, why and in what particulars the two expert witnesses reached different conclusions.

4

CASE NO: 06-61392-CIV-COHN

*Id*.  In the instant case, Mr. Gampel not only critiqued Dr. Raffa's methodology, but provided his own calculations and compared them to Dr. Raffa's.  Accordingly, even under state law, which is inapplicable, Plaintiff's motion should be denied.[2]

WHEREFORE, Defendant, American Airlines, respectfully requires the Honorable Court enter an order denying Plaintiff's Motion in Limine to Preclude testimony of Defendant's Rebuttal Expert, Peter Gampel, and for all other further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day via transmissions of Notices of Electronic Filing generated by CM/ECF on **Joseph Slama, Esquire**, Krupnick, Campbell, Malone, Buser, Slama & Hancock, P.A., 700 S.E. Third Avenue, Courthouse Law Plaza, Suite 100, Fort Lauderdale, Florida  33316.

s/ Shannon Campbell Fitzpatrick
GREGORY M. PALMER
Florida Bar No. 784796
gpalmer@rumberger.com
SHANNON CAMPBELL FITZPATRICK
Florida Bar No. 0499382
sfitzpatrick@rumberger.com
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

*Attorneys for AMERICAN AIRLINES, INC.*

---

[2] The other cases cited by Plaintiff were either similarly favorable for Defendant or otherwise inapplicable.  *See Carlton v. Bielling*, 146 So. 2d 915, 916 (Fla. 1st DCA 1962).  In *Carlton*, the court simply found improper the posing of a hypothetical question which permitted the witness to draw conclusions of fact from the evidence or to exercise his own judgment as to weight to be given to testimony of other witness.  *See also Carver v. Orange County*, 444 So. 2d 452, 454 (Fla. 5th DCA 1984) (finding improper the impeaching of an expert witness by eliciting from another expert witness what he thought of that expert).  Neither of these cases cited by Plaintiff is at all applicable, factually or legally, as it is federal law that applies to the admissibility of expert testimony.