UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61392-CIV-COHN

ANIRE OKUPAKU,

Magistrate Judge Snow

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.

    Defendant.
_____/

**ORDER GRANTING MOTION TO STRIKE EXPERT DR. SUITE**
**ORDER DENYING MOTION TO STRIKE DR. KAYE**
**ORDER DENYING MOTION FOR CONTINUANCE**

THIS CAUSE is before the Court upon Defendant's Motion to Strike Plaintiff's Expert Witnesses, Dr. Suite and Dr. Kaye [DE 30], Plaintiff's Motion to Strike Portions of Defendant's Reply in Support of its Motion to Strike Plaintiff's Expert Witnesses [DE 43], Defendant's Motion to Strike Plaintiff's Motion to Strike [DE 44], Plaintiff's Motion for Leave to Designate Dr. Kaye and Dr. Suite as Experts [DE 47], Plaintiff's Motion for Summary Judgment on Liability [DE 35], the parties' Joint Stipulation Regarding Liability [DE 50] and Plaintiff's Motion for Continuance of Trial Date and Pretrial Deadlines [DE 40].  The Court has carefully considered the motions and all related filings, and it is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Anire Okupaku ("Plaintiff") filed this action for negligence against American Airlines, Inc. ("Defendant") following an accident involving Plaintiff's seat on Defendant's airplane on September 26, 2004.  Plaintiff received "serious injuries" when "the seatback of the seat in which he was seated failed causing him to fall backward to

the floor." Compl., ¶¶ 12-13. The parties have now stipulated to liability on the part of Defendant. The remaining issues for trial are causation of Plaintiff's injuries and any damages if causation is proven.

The present motions concern Plaintiff's disclosures of two medical doctors as experts in this case. Late on a Friday, September 21, 2007 (though effectively received by Defendant on Monday, September 24, 2007), Plaintiff disclosed in answers to interrogatories that Plaintiff would be calling Dr. Kaye, a radiologist, and Dr. Suite, a neurosurgeon, as expert witnesses to testify about causation and damages. The actual expert reports of Drs. Kaye and Suite were served on October 2, 2007. The fact and expert discovery deadline for this case was September 28, 2007.[1] Because the Court did not set a deadline for exchange of expert reports, the default Local Rule sets a deadline of 90 days prior to the Calendar Call. Thus, this deadline was August 31, 2007.[2] See Local Rule 16.1.K. Plaintiff's expert reports were thus disclosed over one month late.

## II. DISCUSSION

### A. Motion to Strike Experts

The issue before this Court is whether to strike Plaintiff's medical experts, Dr. Kaye and Dr. Suite, or in the alternative, allow Plaintiff to use these experts as rebuttal experts. District courts have the discretion to exclude untimely expert reports pursuant to Fed.R.Civ.P. 37(c)(1). <u>Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.</u>, 389 F.3d

---

[1] Following a hearing by the Court on Defendant's Motion to Compel regarding Plaintiff's economics expert, the Court granted Defendant's motion to extend discovery as to their experts until October 31, 2007 [DE 31-32].

[2] The Court has issued two prior trial continuances in this case, meaning that the expert report exchange deadline was previously May 11, 2007 and July 6, 2007.

1339, 1348 (11th Cir. 2004).

Plaintiff bears the burden to show that substantial justification exists for the Court to allow these experts to testify despite their late disclosure, or that the failure to timely disclose them is harmless to Defendant.  Fed.R.Civ.P. 37(c)(1); Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004).   Plaintiff argues first that his MRI films taken days after the accident in 2004 were lost, requiring extraordinary efforts to locate the original information from Texas.   This diligent search commenced after the July 16, 2007 deposition in which his Florida consulting physician stated that the 2004 MRI records were not in that physician's possession.   At the hearing before this Court on September 26, 2007 regarding Defendant's Motion to Compel, Plaintiff's counsel gave the impression that the inability to locate the 2004 MRI films was caused by the record-keeping deficiencies of the University of Texas health system where the 2004 MRI was conducted.  Again, in Plaintiff's opposition to the present motion to strike, Plaintiff asserts that "the parties became aware that the actual physical MRI scans taken in San Antonio on September 29, 2004 were lost."  Plaintiff's Reply (Response) to Defendant's Motion to Strike at p. 2 [DE 38].  However, it is now clear that **Plaintiff himself** checked out the 2004 MRI films from the Texas facility when he moved to Florida.  Plaintiff gave those films to his Florida consulting physician, Dr. Gaetano Scuderi.  At the July 16, 2007 deposition in this case, Dr. Scuderi could not locate the films.

The Court thus agrees with Defendant that any fault regarding the inability to produce the 2004 MRI films lies with Plaintiff.  Plaintiff spends many pages describing the extraordinary efforts his counsel and staff made to acquire the backup tapes of the MRI from the Texas Health System.  While these efforts justify admission of this crucial

evidence, the eventual production of these MRI films and medical records do not justify the late disclosure of additional expert witnesses and expert reports.  No explanation at all is given as to why Drs. Kaye and Suite could not have been timely disclosed earlier in the case.  The case itself was filed in state court in August of 2006.  Plaintiff's injuries occurred in September of 2004.  Clearly, Plaintiff did not wait until September of 2007 to decide which experts to hire for this action, scheduled for trial in early December.  The proper procedure would have been to timely disclose experts, timely submit expert reports based upon the evidence then existing,[3] and if additional evidence turns up later, move for leave to amend the reports.

Turning next to Plaintiff's arguments regarding the "harmless" part of the standard, Defendant asserts that it would have retained different experts and prepared the case differently if it had known Plaintiff was going to rely upon Dr. Suite, a neurologist, rather than an orthopedic surgeon.  Plaintiff argues that Dr. Kaye, a radiologist, is simply a rebuttal witness to Defendant's Dr. Livingston, also a radiologist, and that Defendant did not disclose Dr. Livingston's expert report until October 10, 2007.  Defendant asserts that its own delay was due to Plaintiff's failure to disclose its reports.  Finally, the fact that the parties had agreed on a discovery cutoff extension is immaterial -- the Court had not agreed to extend discovery and Defendant did not waive its objection to the late disclosure of additional medical experts.

As to the relevant cases argued by the parties, the Court notes the court in <u>Prieto v. Malgor</u>, 361 F.3d 1313, 1317-18 (11th Cir. 2004), allowed the defendant to call a "use of force" expert in defending a Section 1983 excessive force claim against a police officer

---

[3] Of course, the 2004 MRI evidence already existed and presumably was part of Dr. Scuderi's examinations of Plaintiff.

because of waiver by the opposing plaintiff. The witness was listed as a trial witness as to the use of force. Though defendant conceded that it failed to provide the required expert report, the district court concluded that plaintiff waived any objections. The Eleventh Circuit opinion affirmed the decision to allow the testimony because of the waiver argument. There has been no waiver in the present case.

In <u>Bearint</u>, 389 F.3d at 1348, the expert report was not disclosed until the trial, four months after the report's publication. The district court excluded the report on grounds of it being untimely and not a rebuttal report as plaintiff initially suggested. The Eleventh Circuit affirmed that decision. 389 F.3d at 1349. Plaintiff asserts that in this case the report was ultimately produced two months before trial began. Rather than supporting use of the late disclosed experts in this case, the decision in <u>Bearint</u> merely supports the Court's discretion in policing the deadlines and avoiding prejudice to any party.

Finally, in <u>Griffith v. General Motors</u>, 303 F.3d 1276, 1283 (11th Cir. 2002), the district court allowed an expert to testify despite a challenge that full disclosure of prior case testimony was delayed until shortly before trial. The district court concluded that because the defendant had disclosed the witness two years before, and the plaintiff did not make timely attempts to resolve the "impasse" over the extent of the expert's disclosures, it would not exclude the expert witness. The Eleventh Circuit simply affirmed. Again, these facts are distinguishable from the present case, where Drs. Kaye and Suite were disclosed 30 days after the disclosure deadline and just a few days before the then discovery cutoff.

The Court concludes that Dr. Suite, the neurologist, was untimely disclosed and should be stricken pursuant to Rule 37(c)(1). As discussed above, the September 2004

5

MRI films were lost by Plaintiff or his consulting physician, and while the eventual discovery of the backup tapes in Texas justify their admission, it does not justify the late disclosure of a new expert in a different field than any previously disclosed expert.

As to Dr. Kaye, the Court will grant Plaintiff's motion to deem Dr. Kaye, a radiologist, as a rebuttal expert to Dr. Livingston.  Since the Court is enforcing the expert disclosure deadline against Plaintiff, Dr. Kaye's report is not untimely if viewed as a rebuttal report to Dr. Livingston, whose own report was not completely disclosed until October 10, 2007.[4]   Plaintiff's use of Dr. Kaye in rebuttal would be harmless to Defendant, as he would be testifying within the same expert field and as to the same evidence as Defendant's own Dr. Livingston.[5]

However, allowing Plaintiff to use a different type of expert, Dr. Suite, would not be harmless to Defendant as it reasonably relied upon Plaintiff's disclosures through the end of the disclosure deadlines to choose an orthopedic surgeon as its medical expert.  Simply extending discovery deadlines at the last minute to allow Defendant to change experts this late in the case does not eliminate the harm presented by allowing Plaintiff to shift the case days before the discovery deadline.

---

[4]   Though Defendant may have been waiting for Plaintiff's expert disclosure first, the Federal Rules and Local Rules do not distinguish between plaintiffs and defendants.  That is, any party seeking to use an expert must timely disclose the report, unless the expert opinion evidence is intended solely to rebut evidence on the same subject matter identified by another party's expert.  Local Rule 16.1.K

[5]   The Court will order Plaintiff to make Dr. Kaye available for Defendant to take his deposition at Plaintiff's expense between November 19 and November 27 at a date and location of Defendant's choosing, in consultation with Plaintiff's counsel.  Plaintiff shall also be responsible for paying costs associated with having the deposition transcript delivered to Defendant by November 28, 2007.

### B.  Motion for Continuance

Plaintiff has moved to continue the trial and pretrial deadlines for an additional 60-90 days.  Defendant opposes the motion.  Plaintiff again relies upon the same history above regarding the "lost" MRI films, as well as upon Defendant's prior agreement in their July 27, 2007 joint motion seeking a trial continuance from October, 2007 to February, 2008.  The Court granted that motion in part, resetting the trial until its present setting of the period commencing December 3, 2007.  Upon a review of the record, the Court denies the motion for continuance.  Even assuming Plaintiff's bears no responsibility for the "lost" MRI films and the discovery of backup tapes in late September, the parties have had more than sufficient time to prepare the case for trial on its present setting.[6]

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiff's Expert Witnesses, Dr. Suite and Dr. Kaye [DE 30] is hereby **GRANTED in part** as to Dr. Suite, and **DENIED in part** as to Dr. Kaye;

2. Plaintiff's Motion to Strike Portions of Defendant's Reply in Support of its Motion to Strike Plaintiff's Expert Witnesses [DE 43] is hereby **DENIED**;

3. Defendant's Motion to Strike Plaintiff's Motion to Strike [DE 44] is hereby **DENIED**;

4. Plaintiff's Motion for Leave to Designate Dr. Kaye and Dr. Suite as Experts [DE 47] is hereby **DENIED in part** as to Dr. Suite and **GRANTED in part** as to Dr. Kaye;

---

[6] The Court would reconsider this ruling if Defendant wishes an extra week to take the deposition of Dr. Kaye and review the results of that deposition.

5.  Plaintiff shall make Dr. Kaye available for Defendant to take his deposition at Plaintiff's expense between November 19 and November 27 at a date and location of Defendant's choosing, in consultation with Plaintiff's counsel.  Plaintiff shall also be responsible for paying costs associated with having the deposition transcript delivered to Defendant by November 28, 2007;

6.  Plaintiff's Motion for Summary Judgment on Liability [DE 35] is hereby **DENIED as moot** given the filing of the parties' Joint Stipulation Regarding Liability [DE 50];

7.  Plaintiff's Motion for Continuance of Trial Date and Pretrial Deadlines [DE 40] is hereby **DENIED**.  The case remains on for Calendar Call on November 29, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of November, 2007.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record